# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JG ACTION ENTERPRISES, INC.,<br><br>                    Plaintiff,<br><br>  v.<br><br>MICHAEL MARCHKY; HARLEY-DAVIDSON OF SIOUXLAND, INC. *d/b/a* ROOSTER'S HARLEY-DAVIDSON,<br><br>                    Defendants. | Case No. 25-cv-2108-BAS-MMP<br><br>**ORDER:**<br>  **(1) GRANTING DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(B)(2);**<br>  **(2) DENYING DEFENDANT'S MOTION TO DISMISS UNDER RULE 12(B)(5); AND**<br>  **(3) TERMINATING AS MOOT DEFENDANT'S MOTION TO TRANSFER VENUE**<br><br>**(ECF No. 5)** |

Presently before the Court is Defendant Michael Marchky's ("Defendant") motion to dismiss for lack of personal jurisdiction and insufficient service of process. Fed. R. Civ. P. 12(b)(2), 12(b)(5). In the alternative, Defendant seeks transfer of venue. 28 U.S.C. § 1406. The Court finds Defendant's motion suitable for determination on the papers submitted. *See* Fed. R. Civ. P. 78(b); Civ. L.R. 7.1(d)(1). For the following reasons, the Court **GRANTS** Defendant's motion to dismiss under Rule 12(b)(2), **DENIES** Defendant's motion to dismiss under Rule 12(b)(5), and **TERMINATES AS MOOT** Defendant's motion to transfer venue. (ECF No. 5.)

## I. BACKGROUND

Plaintiff JG Action Enterprises, Inc. ("Plaintiff") filed suit in California against two defendants: Michael Marchky and Harley-Davidson of Siouxland, Inc. (doing business as Rooster's Harley-Davidson). (Compl. ¶¶ 5, 6, ECF No. 1.) The latter defendant submitted itself to this Court's jurisdiction by filing an answer. (ECF No. 3.) But Defendant Marchky contested this Court's jurisdiction in a motion to dismiss under Rules 12(b)(2) and 12(b)(5). (ECF No. 5.) In the alternative, Defendant seeks transfer of venue. (*Id*.)

The lawsuit centers on breach of contract claims. Plaintiff is a California-based talent executive search firm in the powersports, motorcycle, and marine industries. (Compl. ¶ 7.) As relevant here, Plaintiff and Defendant Marchky entered into a contract, whereby Defendant agreed to recruit job candidates. (*Id*. 11.) The contract was written on Plaintiff's letterhead, which included Plaintiff's California address in the footer of the first page. (Marchky Decl., Ex. A, ECF No. 5-3.) Plaintiff alleges a breach of contract, intentional interference with contractual relationship, and intentional interference with prospective economic advantage against Defendant Marchky. (Compl. ¶¶ 52, 64, 71.)

Defendant is currently domiciled in Sioux City, Iowa. (Marchky Decl. ¶ 2.) Defendant was introduced to Plaintiff through a mutual business contact. (*Id*. ¶ 6.) At the time of the contract, Defendant was based in Florida. (*Id*. ¶ 7.) Defendant worked for Plaintiff remotely as an independent contractor without required travel. (*Id.* ¶ 8.) Further, the parties communicated with each other remotely. (*Id*. ¶ 9.) Although Defendant remotely contacted California clients, the allegations in the complaint do not arise out of those contacts. (*Id*. ¶¶ 10, 12.) The contract neither mentions California in a choice-of-law provision nor a forum selection clause. (*Id*., Ex. A.) Defendant never resided in California. (*Id*. ¶ 2.) And Defendant never traveled to California in relation to the contract. (*Id*. ¶¶ 5, 8, 11.)

## II. ANALYSIS

The Court first discusses the motion to dismiss for lack of personal jurisdiction, then turns to the motion to dismiss for insufficient service of process. Finally, the Court addresses the motion to transfer venue.

### A. Motion to Dismiss for Lack of Personal Jurisdiction

Defendant seeks to dismiss the complaint for lack of personal jurisdiction under Rule 12(b)(2). Defendant claims that the Court lacks general and specific personal jurisdiction. (Mot. 2:11–12, ECF No. 5.) Plaintiff does not argue general personal jurisdiction (Opp'n 3:7–8); thus, the Court focuses its analysis on specific personal jurisdiction.

"District courts have the power to exercise personal jurisdiction to the extent authorized by the law of the state in which they sit." *Lions Gate Ent. Inc. v. TD Ameritrade Servs. Co., Inc.*, 170 F. Supp. 3d 1249, 1257 (C.D. Cal. 2016) (citing Fed. R. Civ. P. 4(k)(1)(A)). California's long-arm jurisdictional statute is coextensive with federal due process requirements. *See Panavision Int'l, L.P. v. Toeppen*, 141 F.3d 1316, 1320 (9th Cir. 1998) (citing Cal. Code Civ. P. § 410.10). For the Court to properly exercise specific personal jurisdiction in accordance with due process, the defendant must have "minimum contacts" with the forum state. *International Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (citation modified). To establish minimum contacts, the court relies on the *Dole* factors: (1) The non-resident defendant must purposefully direct his activities or consummate some transaction with the forum or resident thereof; or perform some act by which he purposefully avails himself of the privileges of conducting activities in the forum, thereby invoking the benefits and protections of its laws; (2) the claim must be one which arises out of or relates to the defendant's forum-related activities; and (3) the exercise of jurisdiction must comport with fair play and substantial justice, i.e. it must be reasonable. *Dole Food Co. v. Watts*, 303 F.3d 1104, 1111 (9th Cir. 2002). The minimum contacts inquiry "looks to the defendant's contacts with the forum State itself, not the defendant's contacts with persons who reside there," emphasizing that "it is the defendant's conduct that must form the necessary connection with the forum State." *Walden v. Fiore*, 571 U.S.

277, 285 (2014); *see also Bristol-Myers Squibb Co. v. Superior Court*, 582 U.S. 255, 262 (2017). If the plaintiff successfully bears the burden of meeting the first two prongs, then the defendant shoulders the burden of the final prong. *Schwarzenegger v. Fred Martin Motor Co.*, 374 F.3d 797, 802 (9th Cir. 2003).

"[A] contract alone does not automatically establish minimum contacts in the plaintiff's home forum." *Boschetto v. Hansing*, 539 F.3d 1011, 1017 (9th Cir. 2008); *see also Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 478 (1985). Rather, to determine whether the defendant "purposefully established minimum contacts within the forum," the court considers "prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing." *Burger King*, 471 U.S. at 479.

In opposition, Plaintiff argues that Defendant "consummate[d] some transaction with the forum or resident thereof"—the first *Dole* factor—because Defendant entered into a five-page contract with Plaintiff, which listed Plaintiff's California address on the bottom of the first page. (Opp'n 5:17–20.) However, entering into a contract with a California company is not enough to establish minimum contacts with California.

Two Ninth Circuit cases are relevant here. In *Picot*, the Ninth Circuit affirmed a California district court's motion to dismiss for lack of personal jurisdiction. *Picot v. Weston*, 780 F.3d 1206 (9th Cir. 2015). Even though a Wisconsin defendant entered into a contract with a California plaintiff, that was not enough to establish specific personal jurisdiction over the defendant in California for the contract and tort claims. *See id.* at 1213. Also, in *Cranfield*, the Ninth Circuit affirmed an Idaho district court's motion to dismiss for lack of personal jurisdiction. *Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1163 (9th Cir. 2023), *cert. denied*, 144 S. Ct. 826 (2024). There, the fact that an English corporation Cranfield entered into a contract with the Idaho corporation Tamarack could not justify personal jurisdiction in Idaho. Upon review, the Ninth Circuit reasoned:

> While Tamarack is an Idaho resident, there's no evidence that Cranfield sought out Tamarack in Idaho or benefitted from

>Tamarack's residence in Idaho. Neither the contract's negotiations, terms, nor contemplated consequences establish that Cranfield formed a substantial connection with Idaho. And while the course of dealings show that Cranfield employees entered Idaho several times, those transitory trips into the forum state do not sufficiently reflect purposeful availment.

*Davis*, 71 F.4th at 1163.

Similar to the facts of *Cranfield*, there is no evidence that Defendant sought employment with Plaintiff because of Plaintiff's California residence. Moreover, as Defendant highlights, none of the contract's terms tie the contract nor the contract's consequences to California. And unlike the facts in *Cranfield*, Defendant did not even enter California for work-related trips.

Although Plaintiff cites to several California Court of Appeal decisions, these cases are not dispositive because the Court must follow the Supreme Court's and Ninth Circuit's precedent. *See Integral Dev. Corp. v. Weissenbach*, 99 Cal. App. 4th 576 (2002); *Hall v. LaRonde*, 56 Cal. App. 4th 1342 (1997).

Given that Plaintiff cannot satisfy the first *Dole* factor, Plaintiff cannot carry its burden to justify the Court's exercise of specific personal jurisdiction.[1] Accordingly, the Court dismisses without prejudice the claims against Defendant Marchky for lack of personal jurisdiction.

### B. Motion to Dismiss for Insufficient Service of Process

Further, Defendant seeks to dismiss the complaint for insufficient service of process under Rule 12(b)(5). Defendant argues that because Plaintiff did not file proof of service in either federal or state court, proper Rule 4 compliance cannot be verified. (Mot. 2:14–

---

[1] Given that the Court finds no purposeful availment, the Court declines to analyze the remaining *Dole* factors. Moreover, to the extent Plaintiff alleges a different analysis for its contract and tort claims, the Ninth Circuit cautions against drawing a fine distinction between the two tests, stating "there's no need to adhere to an iron-clad doctrinal dichotomy to analyze specific jurisdiction." *Davis v. Cranfield Aerospace Sols., Ltd.*, 71 F.4th 1154, 1162 (9th Cir. 2023) ("[W]hen considering specific jurisdiction, courts should comprehensively evaluate the extent of the defendant's contacts with the forum state and those contacts' relationship to the plaintiffs' claims—which may mean looking at both purposeful availment and purposeful direction."). Given the lack of contacts outside the contractual hook, the Court determines that the jurisdictional analysis for both the contract and tort claims points to the same result.

16.) But Plaintiff has since filed proof of service. (ECF Nos. 6, 7.) Accordingly, the Court denies the motion to dismiss for insufficient service of process.

### C. Transfer of Venue

Finally, Defendant argues that the case should be transferred to either the Middle District of Florida (the site of contract execution and performance) or the Northern District of Iowa (the site of contract breach and "attempted" service). (Mot. 2:19–20.) Given that the Court grants Defendant's motion to dismiss, the Court terminates as moot the motion to transfer venue.

### III. CONCLUSION

Accordingly, the Court **GRANTS** Defendant's motion to dismiss under Rule 12(b)(2), **DENIES** Defendant's motion to dismiss under Rule 12(b)(5), and **TERMINATES AS MOOT** Defendant's motion to transfer venue. (ECF No. 5.) The Court **DISMISSES WITHOUT PREJUDICE** Plaintiff's claims against Defendant Michael Marchky for lack of personal jurisdiction.

IT IS SO ORDERED.

DATED: December 3, 2025

Hon. Cynthia Bashant, Chief Judge
United States District Court